**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Chad Allen ENGLISH, Defendant—
Appellant.**

No. 04–10607.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 17, 2005.

Ronald C. Rachow, Reno, NV, for Plaintiff-Appellee.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM **

Chad Allen English appeals the 24–month sentence imposed after revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

English contends that the district court erred by concluding that he committed a Grade A violation of his supervised release under U.S.S.G. § 7B1.1 (policy statement). Specifically, English contends that the sentencing court erred in concluding that English's violation conduct constituted a felony battery. We agree.

In *United States v. Corona–Sanchez,* 291 F.3d 1201, 1208–11 (9th Cir.2002) (en banc), we held that sentencing courts should not consider recidivist enhancements in determining whether a state-law prior conviction is a felony. Therefore, to the extent that the district court in this case concluded that English had committed a felony battery because it was a third-time offense, that conclusion provided an invalid basis for determining that English's conduct constituted a Grade A violation. *See id.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appellee contends that the district court's characterization of English's prior conviction as a felony was permissible because, under Nev.Rev.Stat. § 200.481(f), a probationer who commits battery is guilty of a felony. We are not persuaded. We held in *United States v. Moreno–Hernandez*, 397 F.3d 1248, 1254 n. 7 (9th Cir. 2005), that the rule of *Corona–Sanchez* did not implicate offenses, such as being a felon in possession of a firearm, that are *only* illegal because of an offender's status. The offense in the present case does not fit the exception carved out in footnote 7 of *Moreno–Hernandez*, however, because battery is not an offense that is *only* illegal when committed by a probationer. *Id.*

The district court did not have the benefit of *Moreno–Hernandez* when it sentenced English on the supervised release violation because that case was not decided until after appellant's sentencing. We vacate and remand for the district court's reconsideration of English's sentence in light of *Moreno–Hernandez*.

**VACATED and REMANDED.**